IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TAMEIKA HARRIS,

    Defendant.

:
:
    Case No. 3:07cr113
:       and   3:07cr192
:
    JUDGE WALTER HERBERT RICE
:

---

ENTRY FINDING DEFENDANT IN VIOLATION OF SUPERVISED
RELEASE, REVOKING SAME AND IMPOSING SENTENCE, WITH
REIMPOSED PERIOD OF SUPERVISED RELEASE TO FOLLOW,
SUBJECT TO CERTAIN CONDITIONS; RIGHT OF APPEAL EXPLAINED
AND UNDERSTOOD; TERMINATION ENTRY

---

On December 13, 2011, the Defendant, having previously been found in violation of her supervised release which began June 26, 2009, appeared in open Court for final disposition.

Pursuant to the record made on that date, the Defendant's supervised release was revoked and she was remanded to the custody of the Attorney General of the United States, the Bureau of Prisons, for a period of time served, said period of "time served" to be the period of time served from the date of her arrest, to the time bed space is available at Alvis House in Columbus, with a reimposed period of supervised release of three years, less time spent in custody from the date of

arrest, October 25, 2011, until she is transported to Alvis House in Columbus.

The conditions of the reimposed period of supervised release are as follows:

1. The Defendant must comply with any and all undischarged conditions of supervision, pronounced by this Court at the time of her original sentence on December 14, 2007; and

2. Defendant must comply, in its entirety, with the attached Supervision Plan agreed to by and between the Court and the Defendant, in open Court, on December 13, 2011, as modified by the Memorandum from Probation Officer Brett Handmaker of December 21, 2011.

Following the above, the Defendant was orally explained her right of appeal and she indicated an understanding of same.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

December 22, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record
Brent Handmaker, US Probation Officer

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO: 3:07-CR-113; 3:07-CR-192 |
| Plaintiff | : | Judge Walter H. Rice |
| - vs - | : | |
| TAMEIKA HARRIS | : | **PROPOSED SUPERVISION PLAN** |
| Defendant | : | |

Comes now the Defendant, by and through counsel and pursuant to the court's order, orally announced in open court, proposes the following supervision plan.

The Defendant is in need of in-patient drug treatment to kick a marijuana habit that started at age 15 and persists to this day (some 23 years). There are few options for this Defendant, and fewer still if she is not committed to becoming sober and maintaining that sobriety.

The stress of raising children has been temporarily removed from this Defendant, her son is in Georgia and her daughters are being raised by the daughters' grandmother. Defendant is free to concentrate on herself and her sobriety. The Defendant cannot return to her apartment. She is $1665.00 in arrears for rent, owes a water bill of approximately $100.00, allowed the house to be left unsecured where the landlord found strangers in the home, forcing the landlord to change the locks at a cost of $50.00 and will incur additional rent of $425.00 the first of December. This court is free to contact the Defendant's landlord Ruth Ann at 937-605-0937 to verify all of the above.

The Defendant's source of income was from school grants. It is reported, but not verified, that if Defendant were released and completed her school schedule, that a check for $2400.00

would be forthcoming. Whether that is true and when the check would arrive, no one could predict that counsel has spoken to. If the Defendant were to receive the check, virtually the entire check ($2200.00 or so) would be owed to her landlord, leaving her nothing left to live on, with rent of $425.00 due the first of January.

Having no home to return to, no children for which she is immediately responsible, and voicing the desire to get sober and kick her marijuana habit, counsel has undertaken an investigation of available options. It is counsel's belief that a change of physical locations will give this Defendant the best chance at recovery. The Dayton/Springfield area has far too many connections for this Defendant: she needs to focus 100% on herself and her recovery.

Counsel is familiar with Maryhaven in Columbus. A number of clients have successfully attended Maryhaven from short-term DUI clients, to underaged college students, to in-patient drug clients. Sherita Hill, of the United States Probation Department, Columbus, Ohio was contacted (1-614-719-3124). Explaining to her the Defendant's needs, she and counsel discussed options. It appears the best option is as follows:

1) Grant the Defendant a furlough of twelve hours to return to her home to collect her personal items[1] (Landlord told counsel that she would store the Defendant's goods in a corner of the garage while she cleaned out the house to re-let), including clothing so that she has sufficient clothing to wear while in Columbus;

2) Complete the necessary paperwork to admit Defendant to Dan Cannon Hall (connected with Maryhaven) and await bed availability. Dan Cannon Hall can be up

---

[1] Defendant's mother has made four promises to the landlord to retrieve the Defendant's personal belongings and has failed to show on each occasion. Defendant's mother is herself a recovering addict and thus Defendant cannot depend on her mother and must to look to herself for the direction she needs. Counsel will work with the mother to provide transportation to the Defendant to and from the former residence should the court grant this portion of the supervision plan.

to fourteen (14) days in-patient[2]. When notified that a bed is available, transport Defendant from the Montgomery County Jail to Dan Cannon Hall to start that program. While at Dan Cannon Hall, register with and await bed availability for entrance to Maryhaven.

3) After the fourteen days at Dan Cannon Hall, place the Defendant at Alvis House halfway house in Columbus, Ohio. To be admitted to Maryhaven, the Defendant must be a resident of Franklin County, Ohio. To be admitted to Maryhaven, the Defendant must be placed on their waiting list (up to eight week wait as of this writing) and MUST attend a Maryhaven orientation meeting each Monday at 8:30 a.m. while on the waiting list, which meeting educates those on the waiting list about the program with actual residents of Maryhaven speaking to the orientation group. The orientation meeting is approximately one hour each Monday and can have the effect of out-patient group therapy. The Maryhaven program is County-supported and free of charge to the patients/residents—and therefore restricted to Franklin County residents.

4) While at Alvis House, the Defendant will have out-patient contact with Maryhaven two to three times per week, will be provided bus tokens to get her from the halfway house to the orientation meeting each Monday while she waits, and will be required to actively seek employment and maintain the house rules of Alvis House.

5) Admission to Maryhaven which is an in-patient drug treatment program that can last from six to nine months once a bed is made available. It is believed that the admission to Dan Cannon Hall and then the Alvis House in Columbus, Ohio will qualify this

---

[2] There is a de-tox stage that is up to seven days long, but with the Defendant having been in custody for more than one month, it is believed that the Defendant would not need and probably would not qualify for, the de-tox part of Dan Cannon Hall.

Defendant as a Franklin County resident for purposes of entering Maryhaven, thus the continued placement of this Defendant in Columbus, pending admission to Maryhaven.

6) After-care as recommended by Alvis House and continued compliance with the conditions of Supervised Release.

7) Failing any portion of this supervision plan, prison.

It should be stressed to this Defendant that the Dan Cannon Hall program of fourteen days costs approximately $5,000.00 and the Maryhaven program has a cost estimated at $65,000.00, neither of which she pays, but all of which the taxpayers pay. If she is not committed to sobriety, the dwindling resources that are available for treatment would be better spent on an individual who is committed to becoming and maintaining sobriety. The alternative of prison would then be the only option.

With no children to supervise, no apartment to maintain, and being alone, it is believed that the Defendant can entirely focus on her treatment; there should be no distractions and no external excuses not to maintain sobriety and work the program. Thereafter, and once sobriety can be achieved and maintained, the Defendant can slowly add back the stresses of life; first an apartment or home, then the children, then school and/or a job.

Respectfully submitted:

S/:Lawrence J. Greger
Attorney at Law 0002592
Suite 1100 Liberty Tower
120 W. Second Street
Dayton, OH 45402
(937) 223-3153

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing supervision plan was sent to the United States Attorney by filing same with the court's CM/ECF system and by regular U.S, Mail, postage prepaid to Mr. Brett Handmaker, United States Probation Officer, Seventh Floor, Federal Building, 200 W. Second Street, Dayton, OH 45402 on the date same was filed with the court.

S/:Lawrence J. Greger